Espino *v.* Frias.

Apelación procedente de la Corte de Distrito de Humacao.

No. 139 —Resuelto en Diciembre 19, 1904.

Obligaciones—Préstamos.—Cuando se recibe en préstamo dinero ú otra cosa fungible se adquiere por el receptor su propiedad, viniendo obligado el deudor á devolver al acreedor otro tanto de la misma especie y calidad.

Id.—Su Eficacia.—Las obligaciones contraidas por personas hábiles son eficaces justificada que fuere su existencia por cualquier medio de prueba de los que reconoce el derecho.

Id.—Pruebas.—Probada la autenticidad de la firma que aparezca al pie de un documento, queda probada asimismo la certeza y legitimidad de la obligación contenida en el mismo.

Pruebas—Documentos Públicos.—Los documentos públicos hacen prueba del hecho que hubiere motivado su otorgamiento.

Obligaciones—Daños y Perjuicios—Mora—Interés Legal.—Cuando la obligación consistiera en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios consistirá, á falta de convenio, en el interés legal.

Costas.—Las costas deben imponerse á la parte cuyas pretensiones sean totalmente desestimadas.

EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte de Distrito de Humacao, entre partes, de una Don Faustino Espino Cobian,

dependiente, como demandantes, contra Don Ramón Frias Noya, propietario, como demandado, ambos vecinos de dicha Ciudad y litigando por su propio derecho, dirigidos y representados ante esta Corte Suprema, el primero por el Licenciado Don Rafael Tirado y el segundo, en un principio, por el abogado Don Tomás Bernadini, y luego por Don Rafael Lopez Landrón, sobre cobro de pesos; autos pendientes ante Nos en virtud de recurso de apelación interpuesto por el demandado contra la sentencia pronunciada por la referida Corte que copiada á la letra dice así:

"Sentencia.—En la Ciudad de Humacao á los ocho dias del mes de Octubre de mil novecientos tres, visto en juicio oral y público el juicio declarativo seguido entre partes de la una D. Faustino Espino Cobian, mayor de edad, soltero, dependiente, vecino de esta Ciudad, demandante, representado y defendido primeramente por el Letrado Don José Maria Cuadra y en el acto del juicio por Don Rafael Tirado Verrier, y de la otra Don Ramón Frias Noya, del mismo vecindario, casado, mayor de edad y propietario, demandado, representado por el Letrado Don Tomás Bernnrdini de la Huerta, sobre cobro de pesos.

1°. *Resultando:* que D. Faustino Espino Cobian ha interpuesto demanda contra Don Ramón Frias y Noya fundándola en que éste le adeuda la suma de seiscientos pesos provinciales equivalentes á trescientos dollars según escritura de préstamo otorgada á su favor en 28 de Julio de 1899, y que dicho Sr. Frias le suscribió posteriormente en 26 de Agosto de 1901 un pagaré por cincuenta y nueve dollars cuarenta centavos que venció el treinta de Septiembre del mismo año sin que lo haya sido satisfecho habiendo solicitado para el cobro de dichas sumas embargo preventivo contra los bienes de su deudor el cuál obtuvo con fecha cinco de Octubre del propio año solicitando del Tribunal se condene á Don Ramón Frias y Noya á pagarle la suma de cuatrocientos diez y nueve dollars cuarenta centavos de capital, intereses legales desde la interposición de la demanda y costas y la ratificación del embargo practicado.

2°. *Resultando:* que admitida dicha demanda y ratificado el embargo se confirió traslado de la misma al demandado quién no la contestó dentro del término legal por lo que fué declarado en rebeldía en provisto de treinta y uno de Enero del año último y señalado día para la comparecencia de prueba verificóse ésta con asistencia del Letrado

Don Pedro de Aldrey y Montolio representando á la parte actora proponiendo como prueba la documental, pública y privada y como subsidiaria la de cotejo y pericial designándose el perito en comparecencia de veinte y seis de Marzo de 1902.

3º. *Resultando*: que por escrito de veinte y tres de Abril del mismo año el Letrado Don Tomás Bernardini personóse en autos á nombre y en representación del demandado Don Ramón Frias y Noya, teniéndosele por parte en dicha representación por providencia de la propia fecha.

4º *Resultando*: que señalado día para el acto del juicio oral celebróse éste en el día de ayer con asistencia de los Letrados Don Rafael Tirado Verrier y el Sr. Bernardini representantes respectivamente del actor y del demandado practicándose por el perito Don Avelino C. Peña la prueba de cotejo de la firma del documento privado suscrito en veinte y seis de Agosto de 1901 bajo la firma R. Frias con las indubitadas del folio once y folio diez y nueve vuelto de autos informando luego oralmente ambos Letrados de conformidad con las pretensiones deducidas en sus respectivos escritos.

5º. *Resultando*: que en la tramitación de este juicio se han observado las reglas del procedimiento.

Siendo Ponente para la redacción de esta sentencia el Juez Asociado Don Ramón Quiñones.

1º. *Considerando:* que cuando se recibe en préstamo dinero ú otra cosa fungible se adquiere por el receptor su propiedad quedando obligado el deudor á devolver otro tanto de la misma especie y calidad.

2º. *Considerando:* que son eficaces las obligaciones contraídas por personas hábiles siempre que se justifique la existencia de aquéllas por cualquier medio de prueba de los que reconoce el derecho.

3º. *Considerando:* que siendo la firma la esencia de toda obligación contraida por escrito, el actor ha probado con la declaración pericial la legitimidad de la que con el nombre del demandado aparece al pié del documento quirografario en que se funda la reclamación y cuya autenticidad no ha sido impugnada por el demandado quién nada ha opuesto que pueda enervar ó destruir las afirmaciones hechas por el actor sobre la certeza y legitimidad de la obligación contenida en dicho documento.

4º. *Considerando*: que los documentos públicos hacen prueba del hecho que motiva su otorgamiento y habiéndose obligado Don Ramón Frias y Noya por virtud de la escritura de préstamo otorgada en 28 de Julio de 1899 y que sirve de base asimismo á la de-

manda ,á satisfacer al demandante Don Faustino Espino Cobián el día veinte y ocho de Octubre de 1900 la suma prestada de seiscientos pesos moneda corriente entonces, vencido como se halla dicho plazo es evidente la obligación en que está el deudor, de cumplir la obligación de pago consignada de un modo auténtico en el expresado documento.

5º. *Considerando*: que por la parte demandada no se ha aportado prueba alguna que pueda afectar á la virtualidad de las obligaciones contenidas en el pagaré de autos y en la escritura de préstamo cuyos documentos sirven de fundamento á la reclamación deducida por el actor.

6º. *Considerando*: que cuando la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios consistirá, á falta de convenio, en el interés legal.

7º. *Considerando*: que las costas deben imponerse á la parte cuyas pretensiones se desestimen totalmente.

Vistos los artículos 1088, 1091, 1110; número 1, 1113, 1156, 1215, 1254, 1740 1753 del Código Civil y la regla 63 y 65 de la Orden General número 118.

*Fallamos*: que declarando como declaramos con lugar la demanda, debemos condenar y condenamos á Don Ramón Frias Noya á pagar á Don Faustino Espino Cobián la suma de cuatrocientos diez y nueve dollars cuarenta centavos é intereses legales á contar desde la interposición de la demanda, con las costas de este juicio á cargo del demandado. Así por esta nuestra sentencia definitivamente juzgando lo pronunciamos, mandamos y firmamos.—Salvador Fulladosa.—Ramón Quiñones.—Charles E. Foote''.

*Resultando:* que notificada la anterior sentencia al abogado de la parte demandada interpuso contra ella recurso de apelación que le fué admitido, elevándose los autos á esta Corte Suprema, prévia citación y emplazamiento de las partes.

*Resultando:* que personadas éstas, la representación de la parte apelante, en el trámite correspondiente, solicitó que se abriese á pruebas el juicio, fundado en el número 5º. del artículo 861 de la anterior Ley de Enjuiciamiento Civil y en la Ley de la Asamblea Legislativa de esta Isla que transformó este Tribunal en Corte de Apelación y aunque se le concedió tal derecho, á pesar de la impugnación de la parte contraria, dejó

transcurrir el término sin que la propusiese, y se señaló dia para la vista, cuyo acto tuvo lugar el catorce del corriente con la sola asistencia é informe oral de la representación de la parte apelada.

Abogados del apelante: *Sres. Bernardini, López Landrón y Guzmán Benítez (José).*

Abogado del apelado: *Sr. Tirado.*

EL JUEZ ASOCIADO, SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

Aceptando los fundamentos de hecho y de derecho de la sentencia apelada; y

*Considerando:* que las costas deben imponerse á la parte recurrente.

*Vistas:* las disposiciones citadas.

*Fallamos:* que debemos confirmar y confirmamos la sen· tencia que dictó la Corte de Distrito de Humacao en ocho de Octubre de mil novecientos tres, declarando con lugar la demanda y condenando á Don Ramón Frias Noya á pagar á Don Faustino Espino Cobian la suma de cuatrocientos diez y nueve dollars cuarenta centavos é intereses legales á contar desde la interposición de la demanda, y condenamos tambien al apelante Noya al pago de todas las costas.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, MacLeary y Wolf.